[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant Charles H. Thomas, makes an emergency motion to open judgment in this case so as to file a Chapter 13 bankruptcy petition with the United States Bankruptcy Court for the District of Connecticut.
The facts are as follows:
This action was commenced by service of the complaint on June 27, 2001. On August 7, 2001 the defendant filed a Chapter 13 petition in bankruptcy. The case was ultimately dismissed on January 30, 2002. Strict foreclosure was entered on March 4, 2002 and on that date the court found the debt to be $184,976.40, the fair market value of the subject property to be $100,000.00, and set the law day for April 15, 2002.
The basis for this motion is that the United States Appeals for the CT Page 5237 Second Circuit on March 7, 2002 in-the case of In Re: John R. Canney,III, Chapter 7 Trustee for the Estate of Maxwell Frasier v. Merchant'sBank, ___ Fed. 3rd ___ (2nd. Cir, 2002) held that a bankruptcy petition cannot be filed after the entry of a foreclosure judgment. This changed the law, which had previously permitted a bankruptcy petition to be filed anytime before the foreclosure law day. Plaintiff claims that because of that unexpected change, he is prevented from filing his bankruptcy petition in this case, since the foreclosure judgment in this case has already been entered. He appeals to the equity powers of this court to relieve him of the harsh consequences the Canney case imposes upon him.
However, the demands for equity cut two ways. Here the defendant had previously filed a chapter 13 bankruptcy petition which had been dismissed. That filing delayed the enforcement of the foreclosure judgment for six months, from August 2001 to January 2002. Also, the disparity of $85,000.00 between the debt and the fair market value of the property exposes the plaintiff to a substantial loss.
In balancing the equities in this case, this court concludes that they favor the plaintiff, and, as a consequence, the defendant's motion is denied.
Robert Satter, JTR